JOHN B. TILFORD ET AL. *v.* MARY BELL ALLEN.

[Abstract Kentucky Law Reporter, Vol. 4—617.]

**Payment of Interest Coupons.**

> Where interest coupon notes signed by the husband are payable to bearer and secured by mortgage, as is the principal debt, one who, intending to prevent the foreclosure of the mortgage, pays off the coupon notes which are due and they are turned over to her, has a lien under such mortgage and may enforce it against the mortgagor.

APPEAL FROM BOYLE CIRCUIT COURT.

January 11, 1883.

OPINION BY JUDGE PRYOR:

The interest coupons annexed to the notes were signed by Bell and payable to bearer. They read as follows: "On the 10th of

January, 1879, I will pay at the Savings Bank of Louisville, Kentucky, $45, six months interest due on that day on my bond No. 3 for $1,000, issued to I. I. B. Hilliard, trustee, or bearer. Signed Thos. H. Bell." Several of these coupons were delivered to Mrs. Allen, having been purchased by her, as she alleges, of the holder. That she intended to purchase is evident from the testimony of I. L. Allen, and it is clear that she paid the amount of the coupons and they were delivered to her. This is not like the payment of interest upon an ordinary note, but is a separate obligation for a particular amount, signed by the obligor, and upon which any one holding the paper can sue. The interest was not paid out of the estate of the assignee, but the notes were taken up by the appellee and out of her money, and for the reason, as expressed in the letter by her husband, that she would hold a lien on the mortgaged estate.

She was not paying it at the instance of the assignee nor at the instance of Thos. Bell, and there is no reason assigned why she wanted to take up those coupons. It may have been that she feared if the interest was not paid the whole sum would become due and the land would be sold at a sacrifice, and supposed that they wanted to use the interest, and by advancing the money she would hold the notes as the original payee did, and that the lien would be still retained. The appellants say that they did not want the money and would have accepted the money only as a payment· and in no other manner, while the appellee says that she supposed they wanted the money and accepted it, thereby substituting her to their rights so far as the lien was concerned. In the letter to appellants or their attorney the appellee says through her husband, after expressing a desire to pay the coupons due, that he wanted them assigned to his wife that she might have a claim to the amount of interest paid on the mortgaged land. Allen says he made the trade believing that his wife would occupy the same relation in respect to the coupons that the mortgagees did who held them, and that he signed an assignment for that purpose and was told that being payable to bearer it would have the same effect as if an assignment was made. The one party regarded it as a payment, and the other as a purchase or that the lien would be equal to that of the coupons unpaid on the principal bonds. It is certain that Mrs. Bell permitted her money to be used for that reason,

and upon the facts as presented we are not disposed to disturb the judgment below.   Judgment *affirmed.*

   *Chas. C. Fox, for appellants.*

   *Vanwinkle & Rodes, for appellee.*